CITY OF STERLING HEIGHTS v GENERAL EMPLOYEES CIVIL
SERVICE COMMISSION

1. MUNICIPAL CORPORATIONS—CHARTERS—CONSTRUCTION OF CHARTERS
—PLAIN MEANING.

The courts should give rational construction to city charters
because they are not always as judicially framed as they might
be; the language employed must be given its plain meaning and
no words should be treated as surplusage.

2. MUNICIPAL CORPORATIONS—ORDINANCES—CIVIL SERVICE COMMIS-
SION—SUSPENSIONS—APPEALS TO COMMISSION.

A city ordinance which states that a suspended municipal em-
ployee has a right of appeal to the Civil Service Commission
but that the right of appeal shall not apply to one or more
suspensions totalling not more than seven days does not bar
the Commission from conducting a hearing on an employee's
appeal from a suspension of not more than seven days, but
means that suspensions of less than seven days may be ap-
pealed only by *leave* of the Commission.

3. MUNICIPAL CORPORATIONS—LABOR RELATIONS—PUBLIC EMPLOY-
MENT RELATIONS ACT—COLLECTIVE BARGAINING AGREEMENT—
STATUTES.

Grievance and other disciplinary procedures are "other terms and
conditions of employment" within the meaning of the public
employment relations act and the duty to perform in accord-
ance with the terms of a collective bargaining agreement
prevails over conflicting provisions of the charter of a home
rule city (MCLA 423.201 *et seq.;* MSA 17.455[1] *et seq.).*

Appeal from Macomb, Howard R. Carroll, J.

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions §§ 30, 195.

[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions §§ 329, 331.

[3] 48 Am Jur 2d, Labor and Labor Relations §§ 1191, 1193–1197,
1201, 1202.

Submitted November 9, 1977, at Detroit. (Docket No. 77-867.) Decided February 6, 1978.

Complaint by the City of Sterling Heights, Leonard G. Hendricks, City Manager for the city, and Elmer Modde, building official for the city, against the General Employees Civil Service Commission of the City of Sterling Heights and Morton Garelik for a declaratory judgment that the Civil Service Commission was without jurisdiction to hear an appeal of a suspension of an employee where that suspension was for less than seven days. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Stewart, O'Reilly, Cornell, Donovan, Lascoe & Rancilio, P. C.,* for plaintiffs.

*Glime, Daoust & Wilds* (by *Raymond G. Glime* and *Ronald R. Tonks),* for defendant Civil Service Commission.

*Brukoff, Dubin, Beras & Stewart, P. C.,* and *Melvin M. Raznick,* for defendant Morton Garelik.

Before: D. C. RILEY, P. J., and D. F. WALSH and A. C. MILLER,* JJ.

A. C. MILLER, J. Defendant, Morton Garelik, employed by the City of Sterling Heights, was suspended from his job for five days on charges which, if true, would seriously blemish his career. He requested a hearing on the matter before the Sterling Heights Civil Service Commission. The Civil Service Commission, in fact, held a full hearing and found the evidence insufficient and unsubstantial and ordered him reinstated with other appropriate remedies.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiffs, the City of Sterling Heights and some of its officers, challenged the hearing on the grounds that the Civil Service Commission was without jurisdiction to hear an appeal from a suspension, when that suspension was less than seven days. They sought declaratory judgment, superintending control, or appropriate injunctive relief in the Macomb County Circuit Court. The trial court held that the Civil Service Commission did have jurisdiction to hear the appeal and entered judgment for defendants Morton Garelik and the Civil Service Commission.

The issue here revolves around three sections of the Sterling Heights City Charter. They are §§ 8.15, 8.16 and 8.32. The first two sections set out the procedure for suspensions, by appointing authorities, of classified employees. Section 8.16 states that, upon request of the employee, the Civil Service Commission shall conduct a full and fair hearing into the matter and if it decides that the suspension was unfounded, it may reinstate the employee and provide appropriate remedies. Section 8.32 provides a procedure for appeal by any employee "aggrieved" by action affecting his status. Where one is so aggrieved, under this section, the Civil Service Commission is required to hold a "prompt hearing" on the appeal. Section 8.32 specifically states that "[t]his right of appeal shall not apply to one or more suspensions totalling not over seven (7) days". It is upon this section that appellants base their argument that the defendant Civil Service Commission was without jurisdiction to hear defendant Garelik's claim. We find the assertion without merit.

The courts will give rational construction to city charters, aware as we are that they are not always as judiciously framed as they might be. *Torrent v*

*Common Council of the City of Muskegon,* 47 Mich 115, 118; 10 NW 132 (1881). The language employed must be given its plain meaning, and no words should be treated as surplusage. *Baker v General Motors Corp,* 74 Mich App 237; 254 NW2d 45 (1977). We take the plain meaning of §§ 8.15 and 8.16 to mean that the Civil Service Commission shall conduct hearings on a suspension where an employee requests it. We take the plain meaning of § 8.32 to mean that, as it says, there is *no right* of appeal where the suspension is for less than seven days. The words "right of appeal" are not surplusage—they are there for a reason. Since § 8.09 of the Charter gives the Civil Service Commission both the power and the duty to conduct hearings on employees' appeals, and since § 8.16 makes such hearings in the case of suspensions mandatory, the Charter can only mean that suspensions of less than seven days may be appealed by *leave* of the Commission. If the Commission desires to hear the matter, it may. Section 8.32 does not divest the Civil Service Commission of jurisdiction, where it so clearly resides.

Furthermore, there may be appeals to the Commission based on grounds other than the *quantum* of the sanction. In this case, the allegation of misfeasance was so serious that it constituted a basis for a grievance whether or not any sanction was imposed. Defendant Garelik also has rights under the collective bargaining agreement between the City of Sterling Heights and the Building Trades Council which provides in Article 7, § 2, in part:

"Should any grievance arise there shall be an earnest effort on the part of the parties to settle such grievances promptly through the following steps:
*Step 1.* By oral conference between the aggrieved

employee, the steward, or both, and the immediate supervisor and, if not resolved, it shall be the responsibility of the aggrieved to then reduce any grievance to writing on the regular grievance form provided by the Union within five (5) working days of the alleged grievance if not resolved, *or he may appeal to the Civil Service Commission, but not both."* (Emphasis supplied.)

In *Pontiac Police Officers Association v Pontiac,* 397 Mich 674; 246 NW2d 831 (1976), the Supreme Court ruled that as to detail and procedure, a collective bargaining agreement controls a conflicting provision of a home rule charter. The Court stated, p 677:

"We hold that grievance and other disciplinary procedures are 'other terms and conditions of employment' within the meaning of the [public employment relations act, MCLA 423.201 *et seq.;* MSA 17.455(1) *et seq.]* and that the duty to bargain collectively on such issues *and to perform in accordance with the terms of a collective bargaining agreement prevails over conflicting provisions of the charter of a home rule city."* (Emphasis supplied.)

Here, the Commission saw merit in the claim of the defendant Garelik, it took evidence at a hearing, and it reinstated him. This is their function. It was within their jurisdiction.

Affirmed.